Robert A. Bailey (#214688)
rbailey@afrct.com
Yaw-Jiun (Gene) Wu (#228240)
gwu@afrct.com
Anglin, Flewelling, Rasmussen,
 Campbell & Trytten LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101
Tel: 626.535.1900; Facsimile: 626.577.7764

Attorneys for Defendant
Wachovia Mortgage, a division of Wells Fargo
Bank, N.A., sued as "Wells Fargo, N.A." f/k/a
Wachovia Mortgage, FSB and f/k/a World Savings
Bank, FSB ("Wachovia")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| JOHN H. GIORDANO and GEORGANA G. GIORDANA,<br><br>Plaintiffs,<br><br>vs.<br><br>WACHOVIA MORTGAGE, FSB: WELLS FARGO, N.A.; ETS SERVICES, LLC and DOES 1 to 100, inclusive,<br><br>Defendants. | Case No.: CV10-4661-JF (PVT)<br><br>(Hon. Jeremy Fogel)<br><br>WACHOVIA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT<br><br>Date: March 25, 2011<br>Time: 9:00 a.m.<br>Crtrm: 3 |

    Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., sued as "Wells Fargo, N.A.", f/k/a Wachovia Mortgage, FSB and f/k/a World Savings Bank, FSB ("Wachovia"), respectfully submits this brief Reply in support of Wachovia's Motion to Dismiss and Motion to Strike Plaintiff's First Amended Complaint:

## 1. INTRODUCTION

As an initial matter, Plaintiffs' Opposition should be disregarded by the Court because it is extremely late, and Wachovia's Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint should be granted in its entirety. Should the Court nonetheless consider Plaintiffs' tardy Opposition, Wachovia respectfully submits this Reply for consideration.

Wachovia filed its Motions on January 19, 2011, noticing their hearing for March 25, 2011. Pursuant to Local Rule 7-3(a), Plaintiffs' Opposition was due 21 days beforehand, or March 4. Plaintiffs' Opposition was not filed until March 15, or 11 days late. Nor does Plaintiffs' counsel appear to have excusable neglect for missing the filing deadline by nearly 2 weeks. Specifically, on March 3, 2011, Plaintiffs' counsel filed a motion to withdraw as counsel. (Docket No. 41). Plaintiffs' counsel also has previously filed a timely opposition brief to the Motion to Dismiss the original complaint.

Plaintiffs' late Opposition also does not save their case. Plaintiffs argue that their first claim for financial elder abuse is not preempted nor time-barred. (Oppn. § B). Plaintiffs also concede that their UCL claim is purely derivative of their elder abuse claim. (Oppn., p. 4:27-28).

As detailed below, Plaintiffs' elder abuse claim fails to state a claim and therefore, Plaintiffs' 2 claims for relief should be dismissed with prejudice. As well, Plaintiffs did not oppose Wachovia's Motion to Strike. Accordingly, Wachovia respectfully requests that the Motion to Strike be granted in its entirety, regardless of the outcome of the Motion to Dismiss.

## 2. PLAINTIFFS' ELDER ABUSE CLAIM IS PREEMPTED, FLAWED AND TIME-BARRED

Plaintiffs' elder abuse claim seeks to impose a duty to orally explain a subject loan's terms (Oppn, p. 5:23-24) and Plaintiffs' allege that such a duty to explain arises even though they concede that Wachovia "did not broker the loan." (Oppn., p. 6:03).

First of all, Plaintiffs completely fail to refute the numerous signed-for loan disclosures that Plaintiffs received and was part of Wachovia's Motion to Dismiss. (MTD, p. 1:15-3:06). Plaintiffs could point to no specific loan term which they were misrepresented to. (*See* Oppn). Instead, Plaintiffs seeks to impose a burdensome duty of orally explaining the loan's terms to

1  Plaintiffs – due to their age. (Oppn., p.2:02-3 (age) & p. 2:22 ("These features were not
2  explained to Plaintiffs…").

### A. Plaintiffs' Elder Abuse Claim is Preempted

First of all, Plaintiffs' claim is preempted by HOLA, because it seeks to impose an additional duty of oral explanation on Wachovia's mortgage "origination" practices, specifically impacting Wachovia's "disclosure[s]" including "requiring specific statements, information or other content…" that would necessarily come from a duty to orally explain a loan's terms. As a result, Plaintiffs' elder abuse claim, as pled, is preempted by 12 C.F.R. § 560.2(b)(9)("disclosure" and "specific statements, information or content") and (b)(10)("origination … in mortgages")).

Tellingly, Plaintiffs cite no case holding that an elder abuse claim is i) not preempted; and ii) that their elder abuse claim is substantially similar to the upheld claim. In fact, Plaintiffs' elder abuse claim in their FAC is substantively identical to the same claim in their initial complaint, which the Court had already found to be preempted. (Docket No. 31, p. 8:28). *See also Cosio v. Simental*, 2009 U.S. Dist. LEXIS 8385, *12-13 (C.D. Cal. 2009); *Bassett v. Ruggles*, 2010 U.S. Dist. LEXIS 37666, *57 (E.D. Cal. 2010)(both finding elder abuse claims to be preempted).

### B. Plaintiffs' Agency Theory is Legally Erroneous

Plaintiffs attempt to escape the preemption of the elder abuse claim, and the effect of the written disclosures, by alleging that Wachovia owed them a duty to " explain" the Loan's terms, because Plaintiffs were elderly and that Wachovia was "their agent." (Oppn. p. 2:22).

However, Plaintiffs admit that their duty to explain and agency theory stem from case law on "brokering a loan for a borrower…" (Oppn., p. 5:26-6:06). Plaintiffs then show that their agency theory (and elder abuse claim) is fatally flawed by admitting that Wachovia "did not broker the loan." (Oppn., 6:03). Without such a duty, Plaintiffs' theory that Wachovia was obligated to "explain" the terms of their Loan cannot succeed.

Indeed, a lender does not owe a duty of care, nor the fiduciary duty of a loan broker, to a borrower. *Nymark v. Heart Fed. S&L Assn*, 231 Cal.App.3d 1089, 1093 fn. 1 (1991)(no duty of care or fiduciary duty). *See also Perlas v. GMAC Mortgage, LLC*, 187 Cal.App.4th 429, 436 (2010)("A lender is under no duty to determine the borrower's ability to repay the loan.").

1   On point and instructive is again *Cosio*, where the plaintiff alleged that co-defendants of
2   the lender, and pled as lender's agents (but acting as a loan broker), failed to fully disclose the
3   terms of her loan and sued for elder abuse. The Court there held in the lender's motion to
4   dismiss: "Lastly, to the extent that other defendants failed to properly disclose required
5   information, *§ 560.2(b)(9)* applies." *Id.* * 14. Here, there is only Wachovia and no co-
6   defendants; the case for preemption and lack of duty to explain loan terms is even clearer.

7         C.  <u>Plaintiffs' Elder Abuse Claim is Also Time-Barred</u>.

8   Although Plaintiffs plead that they were handed a huge stack of documents to sign (and
9   apparently did not read any of them which do not make them any less enforceable (*King v. Larsen*
10  *Realty, Inc.*, 121 Cal. App. 3d 349, 358 (1981))), Plaintiffs plead no facts to show why they did
11  not review the documents a few days after closing. As a reminder, Plaintiffs attached copies of
12  the Note, deed of trust and prepayment acknowledgment to their initial Complaint.

13  This lack of diligence, not reading the loan documents after closing, does not toll their
14  disclosure-based actions, such as Plaintiffs' pled elder abuse claim. *See Gomez v. Wachovia*
15  *Mortg. Corp.*, 2010 U.S. Dist. LEXIS 3799 * 13 (N.D. Cal. 2010)(J. Armstrong presiding)
16  ("Plaintiff did not allege . . . circumstances that served to prevent her - in the exercise of all due
17  diligence - from having the documents translated into Spanish. . . . Consequently, the Court finds
18  that the doctrine of equitable tolling does not apply to Plaintiff's TILA claim and is therefore
19  time-barred."). *See also Meyer v. Ameriquest Mortg. Co.*, 342 F.3d 899, 902 (9th Cir.
20  2003)("The Meyers have produced no evidence of undisclosed credit terms, or of fraudulent
21  concealment or other action on the part of Ameriquest <u>that prevented the Meyers from</u>
22  <u>discovering their claim</u>.")(emphasis added).

23  The diligence required here, simply reading the loan documents, is much, much lower
24  than having the loan documents translated into Spanish as in *Gomez*, and the case for Plaintiffs'
25  claim being time-barred is even clearer. The "exercise of reasonable diligence" requirement is
26  also in Welfare & Institutions Code § 15657.7, which was not even in effect at the time Plaintiffs'
27  claim became time-barred, also time-bars Plaintiffs' elder abuse claim.

28  For all these reasons, Plaintiffs claims should be dismissed with prejudice.

### 3. PLAINTIFFS SHOULD NOT BE GIVEN LEAVE TO AMEND

Plaintiffs were already afforded one opportunity to amend and essentially re-alleged their elder abuse claim, which for the reasons stated above, is preempted, flawed and time-barred. Plaintiffs' UCL claim is purely derivative (Oppn., p. 4:27-28) and fails for those same reasons. Plaintiffs, represented by counsel, should not be given yet another chance to amend.

Moreover, since the terms of the Loan were laid out in detail in numerous signed disclosures, Exhibits A-E to the RJN (authenticity of which are not disputed by Plaintiffs), any misrepresentation as to a loan term, different from what is in writing, would not be actionable in any event. *Davis v. Gulf Oil Corp.*, 572 F. Supp. 1393, 1400-1401 (C.D. Cal. 1983) held:

> The parol evidence proposed by plaintiff would 'flatly contradict' the terms of the contract, and the Court concluded that the extrinsic evidence should not have been admitted. This holding is consistent with the longstanding rule in California that <u>fraud cannot be proven</u> by a promise that is '<u>directly at variance with the promise of a writing</u>.'

quoting *Bank of America NT v. Pendergrass*, 4 Cal.2d 258, 263 (1935)(emphasis added).

Accordingly, Wachovia's Motion to Dismiss should be granted with prejudice.

### 4. THE MOTION TO STRIKE SHOULD BE GRANTED IN ITS ENTIRETY

Finally, Plaintiffs do not even bother to oppose the Motion to Strike, and for the reasons stated therein, the punitive damages allegation and prayer should be stricken.

### 5. CONCLUSION

For all the foregoing reasons, Wachovia's Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint should be granted in their entirety.

Respectfully submitted,

Dated: March 15, 2011

ANGLIN, FLEWELLING, RASMUSSEN,
CAMPBELL & TRYTTEN LLP

By: __/s/ *Yaw-Jiun Wu*__
Yaw-Jiun (Gene) Wu
Attorneys for Defendant
Wachovia Mortgage, a division of Wells Fargo Bank, N.A., sued as "Wells Fargo, N.A." f/k/a Wachovia Mortgage, FSB and f/k/a World Savings Bank, FSB

# **CERTIFICATE OF SERVICE**

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

On the date below, I served a copy of the following document(s):

**WACHOVIA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT**

on all interested parties in said case addressed as follows:

**Served Electronically via Court's CM/ECF System:**

Stephen C. Ruehmann
Ruehmann Law Firm, P.C.
9580 Oak Avenue Parkway, Suite 15
Folsom, California 95630

*Tel: 916.988.8001 / Fax: 916.988.8002*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. This declaration is executed in Pasadena, California, on **March 15, 2011.**

| Wendy Mutum | */s/ Wendy Mutum* |
|---|---|
| (Print name) | (Signature) |