**E-Filed 3/25/2011**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN H. GIORDANO, et al., | Case Number 5:10-cv-04661-JF |
| Plaintiffs, | ORDER[1] GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND; AND TERMINATING MOTION TO STRIKE AS MOOT |
| v. | |
| WACHOVIA MORTGAGE, FSB, et al., | |
| Defendants. | [re: dkt. entries 36, 37] |

Defendant Wachovia Mortgage, FSB ("Wachovia") moves to dismiss the first amended complaint ("FAC") of Plaintiffs John and Georgana Giordano ("the Giordanos") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike portions of the complaint pursuant to Federal Rule of Civil Procedure 12(f). The Court has considered the moving and responding papers[2] and the oral argument presented at the hearing on March 25, 2011. For the reasons discussed below, the motion to dismiss will be granted with leave to amend and the motion to strike will be terminated as moot.

---

[1] This disposition is not designated for publication in the official reports.

[2] The opposition was filed eleven days late, along with a declaration of counsel explaining that his firm failed to calendar the opposition's due date properly. The Court will exercise its discretion to consider the late-filed opposition.

## I. BACKGROUND

On October 4, 2010, the Giordanos filed the instant action in the Santa Clara Superior Court, alleging six state law claims arising out of the refinance of their home mortgage and their subsequent default on the loan: (1) negligence per se - violation of California Civil Code §§ 2923.5 and 2924; (2) negligence per se - violation of California Civil Code § 2934a; (3) promissory fraud; (4) financial elder abuse, (5) negligence per se - violation of California Civil Code §§ 1920 and 1921; and (6) unlawful business practices in violation of California Business and Professions Code § 17200 *et seq*. The superior court issued a temporary restraining order enjoining Defendants from going forward with the sale. Wachovia then removed the action to this court on the basis of diversity of citizenship as defined by 28 U.S.C. § 1332.

On December 14, 2010, this Court issued an order denying the Giordanos' motion for remand, granting Wachovia's motion to dismiss with leave to amend in part, denying Wachovia's motion to strike as moot, and denying the Giordanos' motion for preliminary injunction. The Giordanos filed the operative FAC on January 3, 2011, asserting only two state law claims: (1) financial elder abuse; and (2) unfair business practices in violation of California Business and Professions Code § 17200 *et seq*. These claims are supported by the following allegations: in December 2005 the Giordanos refinanced their home with lender World Savings Bank, FSB ("WSB"), which subsequently became Wachovia.[3] FAC ¶ 9. At the time of the transaction, John Giordano was seventy-eight years old and Georgana Giordano was sixty years old. FAC ¶ 9. The loan agreement was a thirty-year adjustable rate mortgage with an initial interest rate of 6.710%. *Id*. ¶¶ 9-10. The Giordanos claim that they did not understand that this initial rate was a two-month "teaser" rate. *Id*. ¶ 10. They also claim that they were unaware of other aspects of the loan, including a negative amortization feature and a prepayment penalty. *Id*. ¶¶ 9-10. In 2009, the Giordanos began to struggle to make their monthly mortgage payments as a result of the increase in their interest rate and other financial problems. *Id*. ¶ 15. On August 11,

---

[3] In 2007, WSB changed its name to Wachovia Mortgage, FSB. FAC ¶ 2. In 2009, Wachovia Mortgage, FSB became Wachovia Mortgage, a division of Wells Fargo Bank, N.A. ("Wells Fargo"). *Id*. ¶ 3.

2009, a notice of default was recorded by Defendant Executive Trust Services, LLC ("ETS") on behalf of Wachovia. *Id*. ¶ 16. On November 12, 2009, a notice of trustee's sale was recorded by ETS. *Id*. ¶ 19.

After receiving the notices of the default and of the trustee's sale, the Giordanos contacted Wachovia to ask about the possibility of a loan modification. FAC ¶ 20. They subsequently submitted a modification application, and called Wachovia monthly to check the status of the application. *Id*. ¶ 21. In May 2010 Wachovia informed the Giordanos that their application had been denied. *Id*. ¶ 22.

## II. MOTION TO DISMISS

### A.   Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

However, mere conclusions couched in factual allegations are not sufficient to state a cause of action. *Papasan v. Allain,* 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.,* 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009). Thus, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief. " *Moss v. U.S. Secret Serv.,* 572 F.3d 962, 969 (9th Cir. 2009).

B.     **Financial Elder Abuse (Claim 1)**

The elements of a claim of financial elder abuse are as follows:

(a) 'Financial elder abuse of an elder or dependent adult occurs when a person or entity does any of the following:

(1) Takes, secretes, appropriates, obtains, or retains real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

(2) Assists in taking, secreting, appropriating, obtaining, or retaining real or personal property of an elder or dependent adult for a wrongful use or with intent to defraud, or both.

(3) Takes, secretes, appropriates, obtains, or retains, or assists in taking, secreting, appropriating, obtaining, or retaining, real or personal property of an elder or dependent adult by undue influence, as defined in Section 1575 of the Civil Code.

Cal. Welf. & Inst. Code § 15610.30(a). "A person or entity shall be deemed to have taken, secreted, appropriated, obtained, or retained property for a wrongful use if, among other things, the person or entity takes, secretes, appropriates, obtains, or retains the property and the person or entity knew or should have known that this conduct is likely to be harmful to the elder or dependent adult." Cal. Welf. & Inst. Code § 15610.30(b).

The Giordanos claim that WSB made misrepresentations and concealed key facts in order to induce them to enter into the refinance loan. Specifically, they allege that "WSB represented to Plaintiffs that based on their credit score and then current market conditions that they had obtained a loan with very favorable terms." FAC ¶ 31. Additionally, they assert that "WSB told Plaintiffs they had obtained a 30-year fully-amortized ARM with an initial annual interest rate of 6.710%." *Id*. The Giordanos claim that they relied upon WSB, which they characterize as their "agent," to explain the loan documents to them, and that WSB betrayed that trust by preying upon their age and lack of knowledge. FAC ¶ 33.

The Giordanos do not deny – nor can they – that they signed loan documents disclosing that "[t]he interest rate I will pay may change on the **15th** day of **February, 2006** and on the same day every month thereafter"; and that "[f]rom time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called 'Deferred Interest,' will be added to my Principal and will accrue interest at the same rate as the Principal." Note, ¶¶ 2(B), 3(E) (bold type in original).

4

They seem to be asserting that WSB was their agent and as such had a duty to explain the loan terms to them orally. However, "[t]he relationship between a lending institution and its borrower-client is not fiduciary in nature." *Nymark v. Heart Fed. S&L Assn*, 231 Cal.App.3d 1089, 1093 n.1 (1991). "A commercial lender is entitled to pursue its own economic interests in a loan transaction." *Id*. "This right is inconsistent with the obligations of a fiduciary which require that the fiduciary knowingly agree to subordinate its interests to act on behalf of and for the benefit of another." *Id*. Accordingly, the Giordanos have not alleged a basis for asserting that WSB had a duty to provide an oral explanation of the loan terms.[4]

Moreover, the elder abuse claim appears to be time-barred on its face. The parties disagree whether the claim is governed by the three-year limitations period applicable to liability created by statute, or the four-year limitations period set forth in Cal. Welf. & Inst. Code § 15657.7. Even applying the latter period, the claim is untimely. Section 15657.7 provides as follows:

> An action for damages pursuant to Sections 15657.5 and 15657.6 for financial abuse of an elder or dependent adult, as defined in Section 15610.30, shall be commenced within four years after the plaintiff discovers or, through the exercise of reasonable diligence, should have discovered, the facts constituting the financial abuse.

Welf. & Inst. Code § 15657.7. The Giordanos allege that the refinance transaction occurred in December 2005, but they did not file the instant action until October 4, 2010. The Giordanos assert that they did not discover the facts underlying their claim until 2009, when they suffered financial problems as a result of increased mortgage payments. This bald allegation is insufficient given the disclosures on the documents signed by the Giordanos, discussed above. At the hearing, the Giordanos' counsel represented that they could allege additional facts demonstrating delayed discovery of the facts giving rise to their claim. Given the current record, the Court has reservations whether the Giordanos will be able to cure this pleading defect. However, given the seriousness of their claims and the impact that dismissal with prejudice

---

[4] The FAC cites *Zimmer v. Nawabi*, 566 F. Supp. 2d 1025, 1032 (2008) as authority for the proposition that WSB owed it a duty to disclose the loan terms orally. That case involved a loan broker, not a lender like WSB.

would have on them, the Court will grant the Giordanos one more opportunity to attempt to allege a viable claim.[5]

**C.   Unfair Business Practices (Claim 2)**

The Giordanos allege that Wachovia's unlawful acts and practices give rise to a claim under Cal. Bus. & Prof. Code § 17200.  Because this claim appears to be based upon the alleged elder abuse claim, it also fails for the reasons discussed above.

### III. MOTION TO STRIKE

Wachovia moves to strike allegations that the Giordanos are entitled to punitive damages. In light of the disposition of the motion to dismiss, the motion to strike will be terminated as moot.  This ruling is without prejudice to renewal of the motion to strike at a future date.

### IV. ORDER

(1)   the motion to dismiss is GRANTED WITH LEAVE TO AMEND;

(2)   any amended pleading shall be filed within thirty (30) days after issuance of this order; and

(3)   the motion to strike is terminated as moot.

DATED: 3/25/2011

_____
JEREMY FOGEL
United States District Judge

---

[5] Wachovia also argues that the elder abuse claim is preempted by the Home Owners' Loan Act ("HOLA") and by the Truth in Lending Act ("TILA").  While ordinarily the Court would address preemption issues first, it is not clear that an elder abuse claim is preempted by HOLA or TILA.  It may be that more factual specificity regarding the elder abuse claim will clarify the issue.  Accordingly, the Court will defer consideration of Wachovia's preemption challenge.