**E-Filed 8/3/2011**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JOHN H. GIORDANO, et al., | Case Number 5:10-cv-04661-JF |
| Plaintiffs, | ORDER[1] GRANTING MOTION TO DISMISS; AND TERMINATING MOTION TO STRIKE AS MOOT |
| v. | |
| WACHOVIA MORTGAGE, FSB, et al., | [re: dkt. entries 54, 55] |
| Defendants. | |

Defendant Wachovia Mortgage, FSB ("Wachovia") moves to dismiss the second amended complaint ("SAC") of Plaintiffs John and Georgana Giordano ("the Giordanos") for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and to strike portions of the complaint pursuant to Federal Rule of Civil Procedure 12(f). Because the SAC fails to cure the deficiencies identified by the Court in dismissing Plaintiffs' original and first amended complaints, the motion to dismiss will be granted, without leave to amend.

On October 4, 2010, the Giordanos filed the instant action in the Santa Clara Superior Court, alleging six state law claims arising out of the refinance of their home mortgage and their subsequent default on the loan. Wachovia removed the case to this Court on the basis of

---

[1] This disposition is not designated for publication in the official reports.

Case No. 5:10-cv-04661-JF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND ETC.
(JFLC2)

diversity jurisdiction. On December 14, 2010, this Court issued an order granting Wachovia's motion to dismiss with leave to amend in part. The Giordanos filed a first amended complaint ("FAC") on January 3, 2011, asserting only two state law claims: (1) financial elder abuse; and (2) unfair business practices in violation of California Business and Professions Code § 17200 *et seq*. On March 25, 2011, the Court concluded that the FAC failed to state a claim for either elder abuse or unfair business practices because it did not "allege a basis for asserting that [Wachovia] had a duty to provide an oral explanation of the loan terms," and because the claims appeared "to be time-barred on [their] face." Order of March, 25, 2011 at 3. Although the Court expressed reservations about whether the statute of limitations defect could be cured by additional amendment, leave to amend was granted based on the representation of the Giordanos' counsel that the Giordanos could allege additional facts demonstrating delayed discovery of the facts giving rise to the claim. The Giordanos filed the SAC on April 22, 2011.

The SAC varies only slightly from the FAC, and it does not cure any of the defects identified by the Court. The FAC stated that the Giordanos did not learn of the true terms of the loan until they "began to experience severe financial problems due in part to the increasing interest rate and mortgage payments." FAC ¶ 15. The SAC adds only that in 2009, John H. Giordano was diagnosed with metastatic cancer, and the Giordanos "began to experience severe financial problems due in part to *medical expenses* and the increased interest rates and mortgage payments. SAC ¶ 16. While Mr. Giordano's health problems apparently are serious, they do not explain why the Giordanos were unable discover the truth about their loan in the exercise of reasonable diligence. *See Parson v. Tickner*, 31 Cal. App. 4th 1513, 1525 (1995). The SAC also fails to provide additional support for the Giordanos' assertion that the bank had a duty to provide an oral explanation of the loan terms. *See* SAC ¶¶ 11-12 (alleging substantially the same facts as FAC ¶¶ 9, 12).

The Giordanos did not file opposition to the instant motion. However, at oral argument, the Giordanos, representing themselves, indicated that they intended to obtain new legal counsel to pursue their claims. While the Court recognizes the Giordanos' right to seek counsel of their choice, neither the original complaint nor the two amended complaints allege any facts

Case No. 5:10-cv-04661-JF
ORDER GRANTING MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND ETC.
(JFLC2)

1  suggesting that a viable claim could be stated.  Accordingly, the motion to dismiss will be
2  granted without leave to amend.  However, if after seeking legal advice, the Giordanos are able
3  to articulate a valid claim for relief, the Court will entertain a motion for relief from judgment
4  pursuant to Fed. R. Civ. P. 60(b).

5       Accordingly, the SAC will be dismissed, without leave to amend, and the motion to strike
6  terminated as moot.  The Clerk shall enter judgment and close the file.

8  DATED: 7/8/2011

                                    JEREMY FOGEL
                                    United States District Judge